# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI
# CENTRAL DIVISION

| | |
|---|---|
| NATIONWIDE AFFINITY INSURANCE COMPANY OF AMERICA, | |
| Plaintiff, | Case No. 2:19-cv-04017-NKL |
| v. | |
| JAMES W. CLARK, | |
| Defendant. | |

**ORDER**

Defendant James Clark moves to dismiss plaintiff Nationwide Affinity Insurance Company of America's ("Nationwide") Complaint. Doc. 9. For the following reasons, Mr. Clark's motion to dismiss is granted.

**I.   Background**

Nationwide issued a home owner's insurance policy to Mr. Clark, policy number HOA 0049190055-3, for the policy period of October 7, 2017 to October 7, 2018. Doc. 1 (Complaint), ¶ 5; Doc. 1-1 (Insurance Policy). Thereafter, Mr. Clark presented a claim to Nationwide for insurance proceeds under the policy alleging that on or about April 28, 2018, the insured home and personal property located at 8218 Drennan Lane, Centertown, Missouri 65023, sustained damage as a result of a fire.

On January 28, 2019, Nationwide filed a complaint seeking a declaratory judgment that Mr. Clark is not entitled to coverage under the insurance policy in question due to material misrepresentations made during the course of Nationwide's claim investigation. Nationwide alleges that Mr. Clark concealed and/or misrepresented material facts and circumstances in his

statements to Nationwide regarding "the extent and amount of his alleged personal property loss" and "his ownership and/or possession of the allegedly damaged personal property at the time of the claimed loss" in violation of the "Concealment Or Fraud" provision of the insurance policy. Doc. 1, ¶¶ 8–10. Nationwide also seeks recovery of its costs and expenses, including attorneys' fees, incurred as a result of Mr. Clark's alleged material misrepresentations.

## II.  Legal Standard

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Zink v. Lombardi*, 783 F.3d 1089, 1098 (8th Cir. 2015) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). A claim has facial plausibility when its allegations rise above the "speculative" or "conceivable," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007), and where "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," *Iqbal*, 556 U.S. at 678. Such a complaint will be liberally construed in the light most favorable to the plaintiff. *Eckert v. Titan Tire Corp.*, 514 F.3d 801, 806 (8th Cir. 2008).

## III.  Discussion

Mr. Clark argues that the Complaint must be dismissed because Nationwide failed to plead its claims with particularity as required by Federal Rule of Civil Procedure 9. Under Rule 9(b), all averments related to "circumstances of fraud must be pled with particularity." *Munro v. Lucy Activewear, Inc.*, No. 16-4483, 2018 WL 3767338, at *3 (8th Cir. Aug. 9, 2018) (citing Fed. R. Civ. P. 9(b)). Rule 9(b) is typically satisfied where the Complaint alleges "such matters as the time, place, and contents of false representations, as well as the identity of the person making the misrepresentation." *Drobnak v. Andersen Corp.*, 561 F.3d 778, 783 (8th Cir. 2009) (quoting

*Schaller Tel. Co. v. Goden Sky Sys., Inc.*, 298 F.3d 736, 746 (8th Cir. 2002)). A plaintiff "need not plead every alleged misrepresentation but must provide some representative examples in order to enable [the] defendant to respond." *Allstate Indem. Co. v. Dixon*, 304 F.R.D. 580, 584 (W.D. Mo. 2015) (citing *U.S. ex rel. Joshi v. St. Luke's Hosp., Inc.*, 441 F.3d 552, 557 (8th Cir.2006)).

Here, Nationwide alleges that during the course of its investigation, Mr. Clark made false representations regarding (1) "the extent and amount of his alleged personal property loss"; (2) "his ownership and/or possession of the alleged damaged personal property at the time of the claimed loss"; and (3) "his prior insurance claim history." Doc. 1, ¶¶ 10–11. While these allegations establish both the identity of the person making the alleged misrepresentations and their general content, the Complaint fails to allege when, where, or how the alleged misrepresentations were made. Despite Nationwide's assertion that misrepresentations "were made to Nationwide, its agents, employees and/or representatives (the 'where')," Doc. 12 (Plaintiff's Suggestions in Opposition to the Motion to Dismiss), p. 4, this does not provide notice of where or how the fraud allegedly took place. Additionally, the allegation that false representations were made "during the course of Nationwide's claim investigation," is too broad an assertion to establish when the alleged fraud occurred. *See Dixon*, 304 F.R.D. at 585 (finding allegation defendants "concealed and/or misrepresented material facts with regard to the claimed loss" during insurance company's investigation "broad and conclusory," and, thus, insufficient under Rule 9(b)); *see also Bevand v. BF Labs Inc.*, No. 16-1115-CV-W-FJG, 2017 WL 4273308, at *2 (W.D. Mo. Sept. 26, 2017) (finding allegation of actions "over a period of time, including but not limited to, between June 2012 and December 31, 2014" insufficient to establish when fraud allegedly occurred). *Contra Crestbrook Ins. Co. v. Handler*, No. 17-CV-00170-W-DW, 2017 WL 5957767, at *2 (W.D. Mo. May 9, 2017) (finding allegation that insured made representations "in

their June 2016 [insurance] applications" sufficient to establish the "who," "when," and "where"). Mr. Clark is entitled to adequate notice of the claims against him, including notice of when, where, and how material facts were allegedly concealed and/or misrepresented. Without such information, Nationwide's allegations are effectively unanswerable.

Mr. Clark also argues that Nationwide has failed to state a claim for attorneys' fees because the Complaint does not include "a citation to a statute or contract provision that would allow for the recovery of attorneys' fees in this matter." Doc. 9 (Motion to Dismiss), p. 2. Nationwide contends that its allegations of fraud and intentional misconduct are "special circumstances," which entitle it to recover special damages, including attorneys' fees pursuant to Missouri Revised Statute section 527.100. However, because the Court finds that Nationwide has failed to plead the alleged circumstances of fraud with particularity, its claim for attorneys' fees is also deficient.

Rather than dismissing the action at this time, the Court will grant Nationwide's unopposed request for leave to amend its Complaint to plead its claims with particularity as required by Rule 9(b) and to clarify its basis for seeking attorneys' fees.

### IV. Conclusion

For these reasons, Mr. Clark's motion to dismiss, Doc. 9, is granted. However, the Court will permit Nationwide to file an amended complaint within fourteen days of the date of this Order to plead its claims with particularity, specifying the time and place (and/or document(s) on which) Mr. Clark made the alleged misrepresentations and/or omissions. Failure to file an amended complaint before the deadline will result in dismissal of this action without further notice.

s/ Nanette K. Laughrey  
NANETTE K. LAUGHREY  
United States District Judge

Dated: <u>May 28, 2019</u>  
Jefferson City, Missouri